FRANCES HILTON *vs.* ALONZO F. ADAMS.

Somerset.    Opinion November 29, 1879.

*Innkeeper.    Cattle.*

An innholder receiving cattle, driven on the road, to keep over night, is responsible, as such, for the safety of the place provided for them.

In the absence of any notice to the contrary from an innkeeper, at the time of receiving cattle to keep over night, the jury were warranted in finding, that it was to him, as such innkeeper, that the property was delivered.

ON MOTION to set aside the verdict.

This was an action on the case against an innkeeper for not safely keeping the plaintiff's cow, and by reason of the negligence of the defendant the cow was cast, hooked and died.    Plea was general issue.

At the trial there was evidence tending to show that plaintiff's husband was driving the cow, which was injured, and other cattle from a place above Moose River to Moscow, and put up at the defendant's inn at Jackmantown for the night in June, 1876. The cattle were put into the yard with the defendant's cows for the night.    The next morning the injured cow was found cast under the barn, in the basement, the doors to which, leading from the yard, were open; and after a few days she was killed because of her injuries.

The verdict was for plaintiff for $39.20, and the defendant moved to set it aside as against evidence and the weight of evidence and the law and evidence.

*O. R. Bacheller*, for the plaintiff.

*J. J. Parlin*, for the defendant, contended that the verdict was against the law and evidence, and cited: R. S., c. 27, § 5; 2 Parsons on Contracts, 154; *Hawley* v. *Smith*, 25 Wend. 642; *Albin* v. *Presby*, 8 N. H. 408; *Healey* v. *Gray*, 68 Maine, 489.

SYMONDS, J.    There is testimony in the case, from which it was clearly competent for the jury to find that the defendant was the keeper of a common inn.    His own statement, on this point, is much more like an admission, than a denial.    *Commonwealth* v. *Wetherbee*, 101 Mass. 214.

It was fairly within the province of the jury to determine, under proper instructions, whether the cattle, one of which was injured, were, or were not, *infra hospitium;* and whether there was, or was not, any interference, or assumption of responsibility, on the part of plaintiff's agent, or any negligence on his part, such as to relieve defendant from liability as innholder. The jury have settled these questions under instructions to which no exceptions are taken. There is no sufficient reason for saying that the facts were otherwise than the jury found, or for disturbing the verdict as against evidence.

Unless limited by statute, or unless the circumstances are such as to relieve the innkeeper at common law, his liability extends to the safe keeping of all the goods and property of the guest, that are received within the protection of the inn. Default is to be imputed to him wherever there is a loss, not arising from the plaintiff's negligence, the act of God, or the public enemies ; and the cases make no distinction, in this respect, between the loss of the goods of a guest, and injury to them, while *infra hospitium;* 1 Chitty on Contracts, 675 ; *Shaw* v. *Berry*, 31 Maine, 478, 486.

The liability is not confined strictly to those goods which pertain to the guest as a traveler. It extends to all the movable goods and money of the guest placed within the inn. *Berkshire Woolen Co.* v. *Proctor*, 7 Cush. 417, 426.

We see no reason why, under the circumstances of this case, an innholder, receiving cattle driven on the road as these were, is not responsible, as such, for the safety of the place provided for them. In the absence of any notice to the contrary from the defendant at the time, the jury were warranted in finding it was to him as an innkeeper that the property was delivered. Such a finding was not against the evidence in the present case.

There is nothing to indicate that the keeping of the cattle was intended to be gratuitous ; or that in this respect they were received on any other terms than those on which the plaintiff's agent was entertained ; namely, for pay. Whether the total amount paid included a charge for keeping the cattle, or whether after the injury the defendant saw fit to make no charge, is of no importance. There was no release of the plaintiff's claim.

That the defendant assumed the liability of an innholder for the safe keeping of the cattle, that one was injured by his fault, in allowing them to be put in an unsafe place, and that plaintiff's agent did not assume the risk in this respect, are points settled by the verdict. Nor can we say it is against law or evidence.

*Motion for new trial overruled.*
*Judgment on the verdict.*

APPLETON, C. J., WALTON, BARROWS, DANFORTH and LIBBEY, JJ., concurred.